Mark E. O'CONNELL, Plaintiff-Appellant,†

v.

Glen R. SCHRADER, West Bend Mutual Insurance Company, a domestic corporation, and State Farm Mutual Automobile Insurance Company, a foreign corporation, Defendants-Respondents.

Court of Appeals

*No. 87–1910. Submitted on briefs May 25, 1988.—Decided June 22, 1988.*

(Also reported in 427 N.W.2d 152.)

† Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Leonard W. Schulz* of Big Bend.

On behalf of the defendants-respondents, the cause was submitted on the brief of *William J. Evans* of West Bend and the brief of *J. Steven Tikalsky* and *Paul G. Bonneson* of *Tikalsky, Raasch & Tikalsky* of Waukesha.

Before Scott, C.J., Brown, P.J. and Nettesheim, J.

BROWN, P.J.   The plaintiff, Mark E. O'Connell, appeals from a personal injury judgment following an additur on damages due to past and future pain and suffering from $37,000 to $75,000. He argues that the evidence fails to establish contributory negligence on his part. We disagree and hold that there is sufficient credible evidence to support the jury verdict. He also argues that because the verdict violated the rule that

the same five-sixths of the jury agree on all essential questions, a new trial should be ordered. However, since O'Connell moved for additur, and since additur was granted by the trial court and accepted by the defendants, and since O'Connell accepted the additur and proceeded to judgment on it, his actions judicially estop him from pursuing a claim that the damage verdict is defective. We affirm the trial court.

O'Connell was a passenger in a car driven by Glen R. Schrader when an accident occurred. As a result, O'Connell sustained severe injuries. O'Connell alleged that Schrader negligently drove the auto and was intoxicated. Schrader's defense was that if O'Connell thought Schrader was intoxicated, O'Connell was negligent because he got into the car anyway. The jury found Schrader 55% negligent to O'Connell's 45% negligence.

Reading the record, we conclude there is evidence to support the jury's comparison. There is testimony that Schrader was intoxicated and drove negligently. There is also evidence that O'Connell knew of Schrader's condition but did nothing except get into the car.

O'Connell attacks the evidence supporting his negligence as not credible. He points to his testimony that upon noticing Schrader's condition, he and another friend successfully wrestled the keys from Schrader. O'Connell got into the car thinking the other friend was going to drive. Then, unbeknownst to O'Connell, the friend gave the keys back to Schrader. Schrader got behind the wheel and drove off; the accident occurred forty seconds later—before O'Connell could react. O'Connell concludes that his testimony is not indicative of any negligence on his part.

O'Connell acknowledges that neither Schrader nor the other friend supported his "wrestling of the keys" story. However, he claims that the other friend did not deny that the incident occurred; rather that he could not remember. O'Connell reasons that the friend's testimony cannot be considered contradictory to his own.

As to Schrader's testimony denying that the wrestling incident ever happened, O'Connell argues that Schrader was an incredible witness because he denied that he was intoxicated even though there was strong evidence to the contrary. The jury obviously did not believe Schrader when he said that he was not intoxicated. Yet, in order to find O'Connell negligent, the same jury would have had to conclude that Schrader was telling the truth when he denied that the wrestling incident ever occurred. O'Connell apparently reasons that the jury here could not derive one historical fact based on its disbelief of a witness and arrive at another historical fact based on its belief in the truthfulness of the same witness.

█ We do not agree. The rule in Wisconsin is that the jury, as ultimate arbiter of credibility, has the power to accept one portion of a witness' testimony, reject another portion and assign historical facts based upon both portions. *See Nabbefeld v. State,* 83 Wis. 2d 515, 529, 266 N.W.2d 292, 299 (1978). In short, a jury can find that a witness is partially truthful, partially untruthful and have both of these determinations mean something quite independent of one another. Therefore, the jury could properly have believed that Schrader was indeed intoxicated, but that the "wrestling of the keys" never happened. There being credible evidence to support the jury's determination

that there was contributory negligence by knowledge that the driver was intoxicated but a failure by O'Connell to attempt to remedy the problem, the argument fails.[1]

The second argument, that concerning the violation of the five-sixths law, must also fail. An allegation that the same ten jurors did not agree to all the necessary questions is, in reality, a complaint that the jury verdict is defective. As regards this case, O'Connell has no fight with the jury's verdict regarding liability; ten jurors agreed on that. His complaint is about the damage portion of the verdict—because the same ten jurors did not agree on all the damage questions. O'Connell is therefore claiming that the damage verdict was improper.

██

However, O'Connell moved for additur. Additur is a mechanism whereby the trial court assesses a reasonable amount under the evidence instead of the least amount that an unprejudiced jury might award. *Powers v. Allstate Ins. Co.,* 10 Wis. 2d 78, 88, 102 N.W.2d 393, 399 (1960). Thus, O'Connell was asking the court to determine the reasonable damages irrespective of the jury verdict. After the defendants accepted additur, O'Connell, on the record, accepted it. This is an indication that O'Connell was affirming the proceedings on additur.

It is inconsistent to claim that a damage verdict is defective and receive acceptable additur as a cure and then resurrect on appeal the claim that the damage

---

[1]Because Schrader's testimony alone provides the needed evidence supporting the contributory negligence findings, we conclude that it is unnecessary to address the argument concerning the friend's testimony and the impact that it may have had on the jury.

verdict is defective. When O'Connell asked for additur and it was accepted by *all* parties, issues involving the validity of the jury verdict were no longer at issue. The judge's additur became the damage award.

■

We said in *State v. Michels,* 141 Wis. 2d 81, 97–98, 414 N.W.2d 311, 317 (Ct. App. 1987), that a position on appeal which is inconsistent with that taken at trial is subject to judicial estoppel. This estoppel rationale is especially persuasive when a trial court performs some act because of the position taken by a party; that party should not be heard to take a different position on appeal. *Id.; State v. Washington,* 142 Wis. 2d 630, 635, 419 N.W.2d 275, 277 (Ct. App. 1987). By request-ing and receiving additur, O'Connell's objections to the damage verdict were cured. Therefore, on appeal, O'Connell is judicially estopped from asserting that the damage verdict was defective.

Finally, O'Connell asks for reversal in the inter-est of justice because of the "unconscionably low award of damages" by the jury. Based on our foregoing discussion of judicial estoppel, this claim is also denied. We affirm the judgment of the trial court.

*By the Court.*—Judgment affirmed.